NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

APR 14 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| STEPHEN CRANSKA, <br><br> Plaintiff - Appellant, <br><br> v. <br><br> UMIA INSURANCE, INC.; AMERICAN CASUALTY COMPANY OF READING, PENNSYLVANIA; PREFERRED PHYSICIANS MEDICAL RISK RETENTION GROUP; JOHN DOES, 1-15, <br><br> Defendants - Appellees. | No. 24-947 <br><br> D.C. No. 9:21-cv-00104-DLC <br><br> MEMORANDUM* |

Appeal from the United States District Court
for the District of Montana
Dana L. Christensen, District Judge, Presiding

Argued and Submitted March 24, 2025
Seattle, Washington

Before: McKEOWN and OWENS, Circuit Judges, and KENDALL, District
Judge.**

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable Virginia M. Kendall, United States District Judge for the Northern District of Illinois, sitting by designation.

Stephen Cranska seeks review of the district court's order granting UMIA Insurance, Inc., American Casualty Company of Reading, Pennsylvania, Preferred Physicians Medical Risk Retention Group, and John Does's (collectively "the insurance companies") summary judgment motion. We assume the parties' familiarity with the facts and do not recount them here. The issues on appeal are whether the district court erred in finding that the insurance companies had a reasonable basis to: (1) contest paying Cranska's medical bills in advance of settlement and (2) dispute damages in Cranska's malpractice claim. Cranska also requested that we certify these issues to the Montana Supreme Court.

We have jurisdiction under 28 U.S.C. § 1291 and review a district court's order granting summary judgment *de novo*. *Mayes v. WinCo Holdings, Inc.*, 846 F.3d 1274, 1277 (9th Cir. 2017). We affirm the district court's ruling and deny Cranska's request to certify questions to the Montana Supreme Court.

In *Ridley v. Guaranty National Insurance Co.*, the Montana Supreme Court articulated a general obligation under the state's Unfair Trade Practices Act (UTPA) for insurance companies to pay medical bills in advance of settlement, where liability was reasonably clear. 951 P.2d 987, 993 (Mont. 1997). An insurance company may not be held liable under the UTPA "if the insurer had a reasonable basis in law or in fact" to contest payment. Mont. Code Ann. § 33-18-242(6). The insurance companies here had at least one reasonable basis to contest paying

Cranska's medical bills in advance of settlement. *See Redies v. Att'ys Liab. Prot. Soc'y*, 150 P.3d 930, 937 (Mont. 2007). A collateral source—specifically Cranska's wife's insurance provider—covered Cranska's medical bills. By the time of the actions in question, although the Montana Supreme Court had not directly ruled on whether advance payments are required in such instances, lower state courts had indicated that when a third party covers a claimant's medical expenses, insurers are justified in contesting their obligation to make advance payments. *See Bair v. Allstate Ins. Co.*, No. DV-04-514 (Mont. 18th Jud. Dist. Ct. Jan. 7, 2016); *Greenough v. Safeco Ins. Co.*, No. DV-08-766A (Mont. 18th Jud. Dist. Ct. Feb. 12, 2013); *Helms v. Safeco Ins. Co.*, No. DDV-08-1256(a) (Mont. 8th Jud. Dist. Ct. June 3, 2009). Cranska provides insufficient caselaw to rebut the insurance companies' proposition that they reasonably contested his requested advance payment when a collateral source had already covered his medical expenses.

We may affirm on any ground raised below and supported by the record. *Wendell v. GlaxoSmithKline LLC*, 858 F.3d 1227, 1239 (9th Cir. 2017). This ground is sufficient. We decline to reach the insurance companies' other arguments on this point.

We also affirm the district court's determination that the insurance companies had a reasonable basis to dispute the amount of damages because Cranska made a settlement demand in excess of the statutory cap on noneconomic damages. Cranska

demanded $750,000 in noneconomic damages, three times more than Montana law permits. The insurance companies responded with an offer of $125,000. In claims based on a single incident of medical malpractice, Montana law provides "an award for past and future damages for noneconomic loss may not exceed $250,000." Mont. Code Ann. § 25-9-411(1)(a). This means that a court will reduce an award for noneconomic loss in excess of $250,000. Elsewhere, Montana law provides that "[a]n insurer may not be held liable under this section if the insurer had a reasonable basis in law or in fact for contesting the claim *or the amount of the claim*, whichever is in issue." *Id.* § 33-18-242(6) (emphasis added); *see also Palmer by Diacon v. Farmers Ins. Exch.*, 861 P.2d 895, 901 (Mont. 1993).

These laws created a reasonable basis for the insurance companies to dispute the amount of damages that Cranska sought. We affirm the district court's determination.

Finally, we deny Cranska's request to certify his proposed questions to the Montana Supreme Court. In evaluating a request to certify to a state's highest court, we consider: "(1) whether the question presents 'important public policy ramifications' yet unresolved by the state court, (2) whether the issue is new, substantial, and of broad application, (3) the state court's caseload, and (4) 'the spirit of comity and federalism.'" *Murray v. BEJ Minerals, LLC*, 924 F.3d 1070, 1072 (9th Cir. 2019) (citation omitted).

4                                                                              24-947

Here, there is no unresolved question of law. In *Redies v. Att'ys Liab. Prot. Soc'y*, the Montana Supreme Court explained that whether an insurer has a "reasonable basis" for contesting an obligation under the UTPA is a question of law. 150 P.3d at 938. In *State Farm Mut. Auto. Ins. Co. v. Freyer*, that court further clarified how Montana courts should determine whether an insurer has a reasonable basis to contest the application of a UTPA obligation. 312 P.3d 403, 418–19 (Mont. 2013) (citing *Redies*, 150 P.3d at 937–38). Because the Montana Supreme Court has provided a framework for evaluating when an insurer may reasonably contest a payment in advance of settlement and dispute a claimant's damages, we deny Cranska's request to certify these questions to the state supreme court.

**AFFIRMED**.